| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **COMPLAINT** |
| **EASTERN DISTRICT OF NEW YORK** | |
| -----------------------------------------------------------------------x | **Civil Action No.: 23-cv-06175** |
| JOSEPH FANDAL, | |
| Plaintiff, | |
| -against- | |
| THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), NICHOLAS TOSCANO, THELSTON J. ROSE, and ANTHONY R. CORREIA, | |
| Defendant(s). | |
| -----------------------------------------------------------------------x | |

Plaintiff, **JOSEPH FANDAL**, by his attorneys, **EZRA B. GLASER & ASSOCIATES**, complaining of the defendants herein upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. § 1988 for violations of his civil rights and attorneys' fees, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also brings this action for violation of his civil and constitutional rights under New York State law.

## NATURE OF THE ACTION

2.     This is an action to recover damages for violation of the Plaintiff, Joseph Fandal's civil and constitutional rights, malicious prosecution, malicious abuse of process, and municipal liability pursuant to 42 U.S.C. § 1983 and for attorneys' fees pursuant to 42 U.S.C. § 1988.

3.     In connection with Plaintiff JOSEPH FANDAL'S unlawful arrest, defendant officers

intentionally filled out false and misleading reports, and forwarded these false reports to prosecutors in the Queens County District Attorney's office.

**VENUE AND JURISDICTION**

4. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343, 28 U.S.C. § 1367, 42 U.S.C. § 1983 and 42 U.S.C. §1988.

5. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because all events giving rise to the claim have occurred within the Eastern District of New York and Plaintiff resides in the Eastern District of New York.

6. Jurisdiction in this matter is proper as Plaintiff JOSEPH FANDAL is a resident of the Eastern District of New York.

7. Jurisdiction in this matter is proper as Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"), NICHOLAS TOSCANO, THELSTON J. ROSE, and ANTHONY R. CORREIA, individually and in their official capacities because they carry out their public functions and duties within the State of New York.

8. Venue in this matter is proper in this District because the Defendants conduct business within this District, and the acts and/or omissions claimed herein alleged took place within this District.

**THE PARTIES**

9. On October 6, 2022, and at all times hereinafter mentioned, the Plaintiff, JOSEPH FANDAL, is and was a resident of the County of Kings, City and State of New York.

10. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant, the City of New York, maintains the New York City Police Department, a duly

authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

12.     On October 6, 2022, and at all times hereinafter mentioned, the Defendants, POLICE OFFICER "TOSCANO," POLICE OFFICER "ROSE," POLICE OFFICER "CORREIA," were Police Officers and/or employees of the NYPD 90th Precinct, a subdivision of the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, under the auspices and/or authority of THE CITY OF NEW YORK, and, as such, were acting with the scope of their duties at the time of the acts complained herein.

13.     At all times hereinafter mentioned, the aforementioned defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
**(Violation of the Plaintiff's Civil and Constitutional Rights Pursuant to 42 U.S.C. § 1983)**

14.     On October 6, 2022, and at all times hereinafter mentioned, the Plaintiff, JOSEPH FANDAL, was and is a resident of the County of Kings, City and State of New York.

15.     On October 6, 2022, and at all times hereinafter mentioned, the Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

16.     On October 6, 2022, and at all times hereinafter mentioned, the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, was and still is a department and/or agency under the aegis and control of the Defendant, THE CITY OF NEW YORK; that the Defendant,

THE CITY OF NEW YORK, maintains and/or manages the Defendant, THE NEW YORK CITY POLICE DEPARTMENT, a duly authorized public authority, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

17.    On October 6, 2022, and at all times hereinafter mentioned, the employees of the 90th Precinct of the New York City Police Department (hereinafter, "NYCPD 90th Precinct") were acting under the auspices and/or authority of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

18.    On October 6, 2022, and at all times hereinafter mentioned, the Defendants, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, were employees of the NYCPD 90th Precinct, a subdivision of the Defendant, THE CITY OF NEW YORK and/or THE NEW YORK CITY POLICE DEPARTMENT, and as such, were acting within the scope of their duties at the time of the acts complained of herein.

19.    On October 6, 2022, and upon information and belief, the Plaintiff, JOSEPH FANDAL's vehicle, was struck at or near the right rear wheel weld while driving his vehicle with passengers by the Defendant, OFFICER NICHOLAS TOSCANO, at or near the intersection of Rodney Street and Borinquen Place, within the Borough of Brooklyn, County of Kings, City and State of New York. Upon information and belief, the Defendant, OFFICER NICHOLAS TOSCANO, subsequently approached the door of the Plaintiff's vehicle, asserted he was a police officer, cursed and made physical gestures as to threaten the Plaintiff, and demanded said Plaintiff to hand him the keys to Plaintiff's vehicle without showing the

Plaintiff any badge and/or other information identifying him as a police officer. During said interaction, the Plaintiff made a "911" phone call to report the aforesaid incident but left due to Defendant OFFICER NICHOLAS TOSCANO's threatening behavior. The Defendant, OFFICER NICHOLAS TOSCANO, further followed the Plaintiff and his passengers to LaGuardia Airport, continuing to make gestures to said Plaintiff as to threaten him with hitting his vehicle. Police officers, Defendants THELSTON J. ROSE and ANTHONY R. CORREIA, came to the location of the Plaintiff at or near LaGuardia Airport, who, upon information and belief, worked with Defendant OFFICER NICHOLAS TOSCANO. While at or near LaGuardia Airport, the Plaintiff was falsely arrested on seven (7) charges, including misdemeanor and felony counts.

20. Upon information and belief, OFFICER NICHOLAS TOSCANO was not on duty at the time of the collision with the Plaintiff's vehicle.

21. Upon information and belief, there was no reasonable suspicion and/or probable cause for the Defendants to lawfully arrest and/or detain the Plaintiff.

22. Upon information and belief, OFFICER NICHOLAS TOSCANO retaliated against the Plaintiff because he was upset about the car collision with the Plaintiff rather than any bona fide reason to pursue, detain, and ultimately arrest the Plaintiff.

23. Upon information and belief, OFFICER NICHOLAS TOSCANO and/or the other Defendants acted in manner that violated NYPD protocol when he or they pursued the Plaintiff.

24. On October 6, 2022, and upon information and belief, the Plaintiff, JOSEPH FANDAL, was unlawfully detained by the employees, servants, and/or agents of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

25. On October 6, 2022, and upon information and belief, the Plaintiff, JOSEPH FANDAL, was unlawfully imprisoned by the employees, servants, and/or agents of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, at the location of the NYCPD 90th Precinct, in the County of Kings, City and State of New York.

26. That each and all of the acts committed by the Defendants, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, and alleged herein were performed by said Defendants while acting in furtherance of their employment by the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

27. The criminal charges filed against the Plaintiff, JOSEPH FANDAL, were patently and unequivocally false, and the criminal case brought against him was dismissed on October 27, 2022.

28. As a result of the false arrest, detention, and imprisonment of the Plaintiff, JOSEPH FANDAL, by the aforementioned police officers and/or other employees of the Defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, the Plaintiff sustained loss of freedom, liberty, embarrassment, and mental anguish.

29. As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

30. Prior to the date hereto, on January 3, 2023, within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages

were sustained, together with Plaintiff's demands for adjustment or payment thereof, and that thereafter THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT refused or neglected for more than (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

31.    As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages on the first cause of action.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**
**(False Arrest Under 42 U.S.C. § 1983)**

32.    At all times hereinafter mentioned, the Plaintiff, JOSEPH FANDAL, repeats, reiterates, and realleges each and every allegation set forth above numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    The various individual Defendants, as police officers and/or employees of the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, including but not limited to OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT, ANTHONY R. CORREIA, assaulted and battered the Plaintiff, JOSEPH FANDAL, notwithstanding their knowledge that their actions would jeopardize the Plaintiff's well-being, safety, and constitutional rights.

34.    The foregoing attack, assault, battery, and torture committed by the aforesaid police officers and/or employees of THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT against the Plaintiff occurred due to the Defendants' actual malice toward Plaintiff, JOSEPH FANDAL.

35.    The Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE

DEPARTMENT, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE and LIEUTENANT ANTHONY R. CORREIA, acted with intent to do harm to the Plaintiff, JOSEPH FANDAL without excuse or justification.

36.     The Plaintiff, JOSEPH FANDAL, was harmed by being arrested; said Plaintiff suffered embarrassment, humiliation, mental anguish, emotional damages as well as the loss good name among his peers; and that the Plaintiff further sustained loss of freedom, liberty, and suffered mental anguish.

37.     As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

38.     As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages on the second cause of action.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**
**(Malicious Abuse of Process Under 42 U.S.C. § 1983)**

39.     At all times hereinafter mentioned, the Plaintiff, JOSEPH FANDAL, repeats, reiterates, and realleges each and every allegation set forth above numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     The aforementioned acts, as alleged herein, were committed due to the recklessness, carelessness, and negligence of the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER NICHOLAS TOSCANO,  OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, at the time of the

events at issue in this lawsuit, who allowed, created, and reinforced the false allegations against the Plaintiff, JOSEPH FANDAL, which were committed while the aforementioned officers were acting within the scope of their responsibilities for the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT.

41. The Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA are responsible for the institution and/or continuation of the baseless case against the Plaintiff, JOSEPH FANDAL.

42. The Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, failed to fully investigate the facts surrounding the criminal allegations and did not have cause or reasonable grounds to support the criminal case.

43. The Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, did not have enough facts to allow a reasonable person to infer that the Plaintiff, JOSEPH FANDAL, committed any crime.

44. The Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, initiated or continued the initial case with an improper purpose.

45. That as a result of the foregoing, this Plaintiff, JOSEPH FANDAL, sustained loss of freedom, liberty, embarrassment, and mental anguish.

46. That as a result of the foregoing, the Plaintiff, JOSEPH FANDAL, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent

embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

47.     As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages on the third cause of action.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
**(Denial of Constitutional Right Based on Fabricated Evidence Under 42 U.S.C. § 1983)**

48.     At all times hereinafter mentioned, the Plaintiff, JOSEPH FANDAL, repeats, reiterates, and realleges each and every allegation set forth above numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The Plaintiff brings this pendent state law claim against Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, for arresting the Plaintiff, or aiding and abetting in said actions.

50.     The acts complained of herein were carried out by the aforementioned individual Defendants, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, in their capacities as police officers and/or employees of the Defendants, THE NEW YORK CITY and THE NEW YORK CITY DEPARTMENT OF POLICE, with all the actual and/or apparent authority attendant thereto, and pursuant to the customs, policies, usages, practices, procedures, and rules of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, and under the supervision of ranking officers of THE NEW YORK CITY POLICE DEPARTMENT.

51.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented and supported by

numerous civil rights actions filed against the Defendants, THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

52.    The Defendants, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of their respective municipality/authority, which is forbidden by the Constitution of the United States.

53.    The aforementioned customs, policies, usages, practices, procedures, and rules of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK include, but are not limited to, the following unconstitutional practices:

        a.    Arresting an innocent person notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

        b.    Subjecting an innocent person to arrest, which fails to conform to fundamental standards of due process as recognized by this and other jurisdictions throughout the United States.

54.    The foregoing customs, policies, usages, practices, procedures, and rules of THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by the Plaintiff, JOSEPH FANDAL, as alleged herein.

55.    The Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, collectively and/or individually, while acting

under color of state law, acquiesced in a pattern of unconstitutional conduct, and were thus directly and actively involved in violating the constitutional rights of the Plaintiff, JOSEPH FANDAL.

56.  That all of the aforementioned acts deprived the Plaintiff, JOSEPH FANDAL, of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

57.  That all of the foregoing acts by Defendants deprived the Plaintiff, JOSEPH FANDAL, of federally protected rights, including, but not limited to, the right:

   i.   Not to be deprived of liberty without due process of law;

   ii.  To be free from seizure and arrest not based upon probable cause;

   iii. To be free from unwarranted and malicious criminal prosecution;

   iv.  Not to have cruel and unusual punishment imposed upon him and;

   v.   To receive equal protection under the law.

58.  That as a result of the foregoing, this Plaintiff, JOSEPH FANDAL, sustained loss of freedom, liberty, embarrassment, and mental anguish.

59.  That as a result of the foregoing, the Plaintiff, JOSEPH FANDAL, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

60.  As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive

damages on the fourth cause of action.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
**(Municipal Liability Under 42 U.S.C. § 1983)**

61.     At all times hereinafter mentioned, the Plaintiff, JOSEPH FANDAL, repeats, reiterates, and realleges each and every allegation set forth above numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, failed to exercise reasonable care and diligence in the selection and hiring of its agents, servants, and employees, including but not limited to Defendants OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA.

63.     The Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, failed to exercise reasonable care and diligence in the screening, retention, engagement, supervision, and training of its agents, servants, and employees, including but not limited to Defendants OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA.

64.     The Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, breached their duty to use reasonable care in the selection, hiring, screening, retention, engagement, supervision, and training of all of their employees.

65.     That as a result of the Defendants' negligence in selecting, hiring, screening, supervising, and training the Defendants, OFFICER NICHOLAS TOSCANO, OFFICER THELSTON J. ROSE, and LIEUTENANT ANTHONY R. CORREIA, the Plaintiff, JOSEPH FANDAL, was falsely arrested, detained, and imprisoned, and said Plaintiff further sustained loss of freedom, liberty, embarrassment, and mental anguish.

66.    That as a result of the foregoing, the Plaintiff, JOSEPH FANDAL, is informed and verily believes his aforesaid injuries are permanent and that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

67.    As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages on the fifth cause of action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Under N.Y. State Law: False Arrest)

68.    Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "67" as though fully set forth herein.

69.    Plaintiff has complied with all the conditions precedent of the bringing of this action and has complied with all provisions of the Charter of the City of New York, and the Plaintiff has, prior to the bringing of this action and within ninety days from Plaintiff's release from jail hereinafter described were received, duly served notice upon the City of New York of the intention to sue upon the claim set forth. More than ninety days have elapsed since the presentation of the Notice of Claim, and that the said claim remains unadjusted and the said Comptroller of the City of New York has failed and/or refused to make any adjustment thereof. Plaintiff plans on appearing for a hearing pursuant to Municipal Law §50-h, once notice of said hearing is received.

70.    The Defendant Police Officers willfully and intentionally arrested the Plaintiff, JOSEPH FANDAL, without probable cause and without a reasonable basis to believe such cause existed.

71.    By so doing, the Defendant Police Officers subjected the Plaintiff to false arrest and imprisonment, and thereby violated and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

72.    As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages on the sixth cause of action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Under N.Y. State Law: Mental Anguish)

73.    At all times hereinafter mentioned, Plaintiff, JOSEPH FANDAL, repeats, reiterates and realleges each and every allegation set forth above numbered "1" through "72" as if more fully set forth at length herein.

74.    The Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, failed to exercise reasonable care and diligence in the selection and hiring of its agents, servants, and/or employees, including OFFICER TOSCANO, OFFICER ROSE, and OFFICER CORREIA.

75.    The Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, failed to exercise reasonable care and diligence in the engagement, supervision, and training of its agents, servants and/or employees, including OFFICER TOSCANO, OFFICER ROSE, and OFFICER CORREIA.

76.    That as a result of the foregoing, the Plaintiff, JOSEPH FANDAL, sustained loss of life, liberty, and freedom, as well as emotional distress, embarrassment, mental anguish, and loss of his good name among his peers.

77.    That by reason of the foregoing and the negligence of the said Defendants, this Plaintiff, JOSEPH FANDAL, is informed and verily believes his aforesaid injuries are permanent and

that he will permanently suffer from the effects of the aforesaid injuries; and that furthermore, the Plaintiff will be caused to suffer permanent embarrassment, emotional suffering, and continuous physical and emotional pain as a result of the aforesaid injuries.

78.     The Plaintiff, JOSEPH FANDAL, seeks damages in the amount of O ONE MILLION DOLLARS ($1,000,000.00) for Mental Anguish and for attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in this seventh cause of action.

### AND AS FOR AN EIGHTH CAUSE OF ACTION
### (Under N.Y. State Law: Malicious Prosecution)

79.     Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "78" as though fully set forth herein.

80.     Defendants misrepresented and falsified evidence before the Assistant District Attorney.

81.     Defendants did not make a complete and full statement of facts to the Assistant District Attorney.

82.     Defendants withheld exculpatory evidence from the Assistant District Attorney.

83.     Defendants were directly and actively involved in the initiation of criminal proceedings against the Plaintiff, JOSEPH FANDAL.

84.     Defendants lacked probable cause to initiate criminal proceedings against the Plaintiff, JOSEPH FANDAL.

85.     Defendants acted with malice in initiating criminal proceedings against the Plaintiff, JOSEPH FANDAL.

86.     Defendants were directly and actively involved in the continuation of criminal proceedings against the Plaintiff, JOSEPH FANDAL.

87.     Defendants lacked probable cause to continue criminal proceedings against the Plaintiff, JOSEPH FANDAL.

88.     Defendants acted with malice in continuing criminal proceedings against the Plaintiff, JOSEPH FANDAL.

89.     Defendants misrepresented and/or falsified evidence throughout all phases of the criminal proceedings.

90.     As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages on the eighth cause of action.

### AS AND FOR A NINTH OF ACTION
### (Negligent Hiring/Training/Retention)

91.     Plaintiff hereby realleges and incorporates by reference each and all of the foregoing paragraphs numbered "1" through "90" as though fully set forth herein.

92.     Defendant THE CITY OF NEW YORK owed a duty to the public at large, including but not limited to the Plaintiff, JOSEPH FANDAL, to exercise reasonable care in the selection, hiring, and retention of all of its employees, and in particular, those employees with the job responsibility of dealing with the public at large.

93.     Defendant THE CITY OF NEW YORK failed to use reasonable care when it hired including OFFICER TOSCANO, OFFICER ROSE, and OFFICER CORREIA.

94.     Defendant THE CITY OF NEW YOK failed to make reasonable inquiries into the background of the subject Defendants, and in particular, into their fitness as police officers.

95.     Had Defendant THE CITY OF NEW YORK used reasonable care in inquiring into the background of these Defendants, it would have learned that they were patently unqualified for this position, and it would not have hired them.

17

96.     As a result of the foregoing, Defendant THE CITY OF NEW YORK breached its duty to use reasonable care in the selection and hiring of all of its employees.

97.     As a result of THE CITY OF NEW YORK's negligence in hiring Defendants, the Plaintiff, JOSEPH FANDAL, was falsely arrested and spent approximately five hours in jail on completely baseless criminal charges.

98.     Notwithstanding THE CITY OF NEW YORK's knowledge of the propensities of these Defendants, and their patently deficient qualifications, Defendant THE CITY OF NEW YORK retained these Defendants as employees.

99.     In choosing to hire, and then retain, the subject Defendants, Defendant THE CITY OF NEW YORK breached its duty to the public at large, and to the Plaintiff, JOSEPH FANDAL, in particular, to use reasonable care in the selection of its employees.

100.    By reason of the foregoing, the, Plaintiff, JOSEPH FANDAL, is entitled to recover full compensatory damages, including damages for pain and suffering, severe emotional distress psychological trauma, past lost earnings, and future lost earnings, from Defendant THE CITY OF NEW YORK.

101.    As a result of the foregoing, the Plaintiff, JOSEPH FANDAL, has been damaged in the amount of ONE MILLION DOLLARS ($1,000,000.00) and is further entitled to punitive damages on the ninth cause of action.

## **JURY DEMAND**

102.    Plaintiff demands trial by jury of all matters relevant to the within action.

WHEREFORE, the Plaintiff JOSEPH FANDAL respectfully demands the following relief:

A.    A money judgment against Defendants for damages including, but not limited to, damages for loss of freedom, legal fees incurred for frivolous criminal case, and other economic damages for shame, humiliation, and mental distress;

B.    Penalties available under applicable laws;

C.    Costs of the within action incurred herein, including attorney's, lost wages, and expert fees;

D.    Attorneys' fees, including fees pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 216, and other applicable statutes;

E.    Punitive damages against defendants;

F.    Pre-judgement and post-judgement interest, as provided by law;

G.    A declaration that the acts and practices complained of herein violated 42 U.S.C. § 1983, 42 U.S.C. § 1988 and state law;

H.    Such other and further legal and equitable relief as this Court deems appropriate, just and proper.

**WHEREFORE**, the Plaintiff, JOSEPH FANDAL, demands judgment in an aggregate among of NINE MILLION DOLLARS ($9,000,000.00) that would otherwise have jurisdiction on the first, second, third, fourth, fifth sixth, seventh, eighth, and ninth causes of action, in addition to attorney's fees, punitive damages costs, and disbursements of this action.

DATED:    Brooklyn, New York
              August 16, 2023

Yours, etc.,

1

BY:    **Ezra B. Glaser**
       **EZRA B.  GLASER & ASSOCIATES**
       Attorneys for the Plaintiff
       **JOSEPH FANDAL**
       3021 Fort Hamilton Parkway, Suite 1R
       Brooklyn, New York 11218
       Phone: (212) 385-9300

Index #: _____/_____

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
-------------------------------------------------------------------------------------------X
JOSEPH FANDAL,

Plaintiff,


-against-


THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT ("NYPD"),
NICHOLAS TOSCANO, THELSTON J. ROSE, and ANTHONY R. CORREIA,

Defendant(s).

-------------------------------------------------------------------------------------------X
**SUMMONS AND COMPLAINT**
-------------------------------------------------------------------------------------------X

**EZRA B. GLASER & ASSOCIATES.**
Attorneys for the Plaintiff
JOSEPH FANDAL
3021 Fort Hamilton Parkway, Suite 1R
Brooklyn, New York  11218
Phone: (212) 385-9300
Fax:     (347) 282-2296